IN THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA


RICHARD H. HARTMAN II,

           Plaintiff,                           CASE NO. 51-2011-CA-003672-XXXX-WS

v.

AMERICAN HOME MORTGAGE
SERVICING, INC.,

           Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, AMERICAN HOME MORTGAGE SERVICING, INC., ("AHMSI"), by and through its undersigned counsel, hereby files its Motion to Dismiss the Complaint filed by Plaintiff, RICHARD H. HARTMAN II, and states:

### BACKGROUND AND SUMMARY OF ARGUMENT

Unable to assert a viable claim against AHMSI, and ignoring the fact that he has failed to comply with his loan obligations, Plaintiff attempts to shoe-horn what are otherwise legitimate attempts by a servicer to enforce the terms of a valid mortgage, into an unsound and legally insupportable claim under the Telephone Consumer Protection Act, ("TCPA").[1]

While Plaintiff acknowledges that he and AHMSI "are involved in a dispute involving a residential mortgage,"[2] he attempts to avoid confronting the merits of that dispute by alleging

_____

[1] A copy of Pl.'s Comp. is attached hereto as Exhibit "A."

[2] See id. at ¶ 11.

1

that AHMSI violated section 227(b)(1)(A)(iii)[3] of the TCPA by calling his cellular telephone using an automated telephone dialing system. According to Plaintiff, AHMSI has called his cellular telephone 113 times since October 2010,[4] claiming that he never gave AHMSI consent to call his cellular phone.[5]

As Plaintiff's claims lack any legal basis, the Complaint should be dismissed with prejudice. Pursuant to the Florida Telemarketing Act, ("FTA"), which provides similar consumer protections as the federal TCPA, financial institutions such as AHMSI are specifically excluded from claims involving unsolicited telephone calls. A private cause of action exists under the TCPA, only to the extent it would be permitted by state law. Since a private cause of action is not permitted against financial institutions such as AHMSI under the FTA, or otherwise, Plaintiff's TCPA claim must fail.

Plaintiff's claims are also barred because of the existence of a prior business relationship between Plaintiff and AHMSI. Plaintiff alleges that he and AHMSI have a "business relationship" with respect to a residential mortgage. The Federal Communications Commission, ("FCC"), has exempted calls made where an established business relationship exists between the parties from the TCPA's statutory prohibition. As such, any calls allegedly made by AHMSI prior to Plaintiff's purported revocation of his express consent on October 5, 2010[6] cannot

---

[3] 47 U.S.C. section 227(b)(1)(A)(iii) provides in pertinent part as follows: "It shall be unlawful for any person within the United States….to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system….to any telephone number assigned to a…cellular telephone service."

[4] *See* Pl.'s Comp. at ¶ 12.

[5] *See id.* at ¶¶ 16 and 17.

[6] *See id.* at ¶ 17.

2

support a claim for violations of the TCPA. To the extent that Plaintiff has failed to specify which calls were made after he revoked his express consent, if any, Plaintiff's Complaint is deficient and should be dismissed as AHMSI cannot adequately respond to Plaintiff's allegations.

## STANDARD FOR MOTION TO DISMISS

"When ruling on a motion to dismiss, the trial court may look no further than the four corners of the complaint, and all allegations in the complaint must be accepted as true." *Nevitt v. Bonomo*, 53 So. 3d 1078, 1081 (Fla. 1st DCA 2010); *see also Locker v. United Pharm. Group, Inc.*, 46 So. d 1126 (Fla. 1st DCA 2010) (for determination of motion to dismiss, trial court limited to 4 corners of complaint); *McKinney–Green, Inc. v. Davis*, 606 So. d 393 (Fla. 1st DCA 1992) (appellate court reviews dismissal of complaint with same standard as trial court-i.e., appellate court accepts factual allegations of complaint as true).

Plaintiff's claims cannot stand under any formulation of the applicable standard. In other words, even if Plaintiff's allegations are accepted as true, Plaintiff's claims are legally insufficient and the Complaint should be dismissed with prejudice.

## MEMORANDUM OF LAW

**I. Florida Bars Plaintiff's TCPA Claim Against Financial Institutions Such as AHMSI.**

The TCPA provides for a private cause of action "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227 (b)(3). The FTA and TCPA provide "similar protections to consumers from unsolicited calls." 10A *Fla Jur Consumer and Borrower Protection* § 89.

3

Under section 501.604 of the FTA, any "supervised financial institution or parent, subsidiary, or affiliate thereof" is specifically exempted from the Act. A "supervised financial institution" under the FTA includes the following:

> commercial bank, trust company, savings and loan association, mutual savings bank, credit union, industrial loan company, consumer finance lender, commercial finance lender, or insurer, provided that the institution is subject to supervision by an official or agency of this state, of any state, or of the United States.

*Id.*

As a commercial bank, AHMSI falls within the definition of "supervised financial institution," and is exempted from the provisions of the FTA. As Florida law prohibits any claim against financial institutions for unsolicited calls under the FTA, Plaintiff cannot, as a matter of law, state a claim for violations of the TCPA against AHMSI arising out of alleged unsolicited calls. As Plaintiff cannot maintain a cause of action under the TCPA, his Complaint must be dismissed with prejudice.

## II. The TCPA Does not Apply as Plaintiff Gave his Prior Express Consent as a Result of his Business Relationship with AHMSI.

Section 227(b)(1)(A) of the TCPA provides that is not unlawful to call an individual if that individual has given his prior express consent. ("It shall be unlawful...to make any call...other than a call made for emergency purposes or made with the prior express consent of the called party."). The FCC exempts from the TCPA's statutory prohibition in 47 U.S.C. § 227(b)(1)(B)[7] "any call 'made to any person with whom the caller has an established business relationship at the time the call is made [.]' " *Meadows v. Franklin Collection Serv., Inc.,* 414

---

[7] 47 U.S.C. § 227(b)(1)(B) addresses calls to residential telephone lines, but contains that same "prior express consent" provision as section 227(b)(1)(A)(iii).

4

Fed.Appx. 230, 235 (11th Cir. 2011) (quoting 47 C.F.R. 64.1200(a)(2)(iv)); *see also Sardinas v. Geithner*, 2010 WL 2696626, *3 (D. Nev. 2010) (dismissing TCPA claim based upon existence of established business relationship with the consumer). An existing business relationship includes a relationship involving collection of a debt. *Id.* In interpreting the "prior express consent" exception in the context of debt collection, the FCC has found such calls permissible:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

*In re: Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, ¶ 9 (F.C.C. 2007).

In the case at hand, Plaintiff claims to have a business relationship with AHMSI in connection with a residential mortgage loan. As a result of this business relationship, Plaintiff gave his prior express consent to be called. Although Plaintiff attempts to overcome this by alleging that he revoked any express consent he may have given by sending a letter to AHMSI on October 5, 2010, he does not indicate which calls, if any, were made after that alleged revocation. To the extent Plaintiff's allegations must be accepted as true for purposes of this motion, Plaintiff's failure to identify which of the alleged 113 calls were made after he revoked his consent, has made it impossible for AHMSI to properly respond to the Complaint. As such, the Complaint is deficient and must be dismissed.

131093.99999/50402229v.1

## CONCLUSION

The TCPA allows for a cause of action **only** to the extent it is permitted by state law. A cause of action for unsolicited phone calls is not permitted against financial institutions in the State of Florida. As a financial institution, Plaintiff cannot maintain a cause of action under the TCPA against AHMSI. At a minimum, Plaintiff's Complaint should be dismissed as it is not clear which calls were made after Plaintiff allegedly revoked his prior express consent to be called by AHMSI in connection with the enforcement of his mortgage loan obligations.

WHEREFORE, Plaintiff, AMERICAN HOME MORTGAGE SERVICING, INC., respectfully requests the entry of an Order dismissing Plaintiff's Complaint, and for any other relief the Court deems just and proper.

6

131093.99999/50402229v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was delivered by U.S. Mail on this 31st day of August, 2011, to: Richard H. Hartman, 12528 Shadow Ridge Blvd., Hudson, FL 34669, Plaintiff.

BLANK ROME, LLP
*Attorneys for Defendant*
1200 N. Federal Highway, Ste., 312
Boca Raton, FL 33432
Telephone: 561-417-8100
Facsimile: 561-417-8101

JOSEPH F. POKLEMBA
Florida Bar No.: 059803
JPoklemba@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No.: 030380
MHiraldo@BlankRome.com

7

131093.99999/50402229v.1