FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2011 SEP -7  PM 4: 32
TAMPA DIVISION

Richard H. Hartman II
    Plaintiff

vs.

Case No.
8:11-CV-02030-RAL-AEP

American Home Mortgage Servicing, Inc.
    Defendant
_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff Richard H. Hartman files his response in opposition to the motion of Defendant American Home Mortgage Servicing, Inc. ("AMHSI") to dismiss the Complaint. For the reason's set forth below, AHMSI's Motion must be denied in its entirety.

Importantly, AHMSI does not dispute the facts of the case, specifically, that it made numerous calls to Plaintiff's cellular telephone using an automated telephone dialing system. Nor does AHMSI dispute the fact that Plaintiff never gave it the express consent required under the Telephone Consumer Protection Act ("TCPA") to make those calls. Instead, AHMSI claims that the TCPA somehow does not apply to it, based on a Florida statute that does not, in any way, relate to the case at bar, and it claims that because it has a business relationship with Plaintiff, that in itself somehow authorizes it to call Plaintiff's cellular telephone, despite specific language to the contrary under the appropriate section of the TCPA. AHMSI also attempts to distract this Honorable Court from the material issues in this case by implying that, because

Plaintiff has fallen behind on his mortgage payments, he shouldn't be afforded the protections provided to consumers under the TCPA.

In its Motion to Dismiss, AHMSI relies on arguments that are totally without merit, and in some cases do not even apply to the facts and allegations pleaded in the instant lawsuit. Moreover, the limited citations it relies upon to support its arguments are either quoted out of context, are irrelevant or otherwise do not apply to the case at bar. Accordingly, its Motion to Dismiss must be denied.

## MEMORANDUM OF LAW

### I. AHMSI Claims that the TCPA Does Not Apply to it Because it is a Financial Institution.

AHMSI argues that, because it is licensed as a mortgage company, it is exempted from 47 U.S.C. § 227. It claims that, because the Florida Telemarketing Act ("FTA") provides an exemption for financial institutions under Florida Statute 501.604(7), financial institutions are thereby also exempt from the restrictions contained in the TCPA. This argument is without merit and should be denied.

The language of the FTA specifically states that it applies to unsolicited sales calls related to "commercial telephone solicitation" when the call is made for the purpose of "inducing the person called to purchase or invest in consumer goods or services." (See 10A Fla Jur Consumer and Borrower Protection § 89 & 90). The language in the statute is quite specific.

The primary purpose of the FTA is to protect consumers by requiring "commercial telephone sellers" (see *id.* at § 90) to be licensed. This is the exemption that applies to financial institutions under 501.604 F.S. The exemption does not

entitle financial institutions to violate other state and federal statutes, regardless of any vague similarities regarding the intent of the statutes.

While there is a slight similarity between the TCPA and the FTA in that both Acts were created to protect consumers from commercial entities that call them on the telephone, this is where the similarity ends. While the FTA regulates the licensing of commercial telephone solicitors, the TCPA pertains to the equipment commercial callers use to contact consumers. Indeed, the title of 47 U.S.C. § 227 is <u>Restrictions on use of telephone equipment.</u>

It is also important to note that the language in the FTA is specific in that the Act only governs commercial callers who call for the purpose of selling goods or services, whereas the language in the TCPA is specific in that it governs all callers, regardless of the reason for the call. The exact language to this effect is in the 2007 Declaratory Ruling by the Federal Communications Commission, which states in relevant part:

> "We also reiterate that the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute "telephone solicitations."

See <u>Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C.R. 559, ¶ 11 (F.C.C. 2007).

Contrary to AHMSI's argument, the instant case is not due to AHMSI making "unsolicited sales calls", despite AHMSI trying to convince the Court otherwise. Rather, the lawsuit is due to AHMSI using an automated telephone dialing system to

call Plaintiff on his cellular phone, without having been given express consent as required under the TCPA, an issue that is not discussed in any way whatsoever under the FTA. This issue is, however, discussed in great detail in 47 U.S.C. § 227.

If one were to look for a Florida statute that is comparable to the TCPA, particularly for the purposes of the instant case, 501.059(7) F.S., which regulates the use of automated telephone dialing systems, would be that statute. It is important to note that this section does not exempt financial institutions. While the statute also does not specifically provide for a private right of action against companies that violate the section, the Florida Second District Court of Appeals has held that Florida does in fact "recognize a private cause of action arising under the [TCPA], in the absence of specific state legislation authorizing such action." Condon v. Office Depot, Inc., 855 So.2d 644 (Fla.Dist.Ct.App.2003).

Finally, with regards to the "if otherwise permitted by the laws or rules of court of a State" (47 U.S.C. § 227(b)(3)) language AHMSI has cited in its Motion to Dismiss, the Second District Court of Appeals has interpreted that language as follows:

> Rather, we interpret the language "if otherwise permitted" to acknowledge the principle that states have the right to structure their own court systems and that state courts are not obligated to change their procedural rules or to create courts to accommodate TCPA claims. "The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the state create a court competent to hear the case in which the federal claim is presented.

(See Condon v. Office Depot, Inc., 855 So.2d 644 (Fla.Dist.Ct.App.2003).

Based on the forgoing, AHMSI's argument is without merit and must be denied.

II.  **AHMSI Claims that it had Express Consent to Call Plaintiff's Cellular Telephone Due to an Established Business Relationship between AHMSI and Plaintiff.**

AHMSI argues that because it had an "established business relationship" with Plaintiff at the time it used an automatic telephone dialing system to call Plaintiff's cellular telephone, that "relationship" exempts it from the provisions of the TCPA. AHMSI claims that the exemption is pursuant to 47 U.S.C. § 227(b)(1)(B), and cites Meadows v. Franklin Collection Serv., Inc., 414 Fed. Appx. 230, 235 (11th Cir. 2011) and Sardinas v. Geithner, 2010 WL 2696626, *3 (D. Nev. 2010) to support its argument. That argument is fatally flawed for the reasons that follow.

Plaintiff's complaint alleges AHMSI violated the TCPA by using an auto-dialer to call his cellular telephone, which is prohibited under 47 U.S.C. § 227(b)(1)(A)(iii). The statute AHMSI cited in its Motion to Dismiss, § 227 (b)(1)(B) pertains only to residential telephone lines, not cellular telephones. Moreover, the cases AHMSI cited also pertain to calls made to a residential telephone. In its Motion, AHMSI acknowledges that § 227(b)(1)(B) addresses calls made to residential telephone lines, but attempts to convince the Court that, because of a similar phrase contained in both sections, that section also applies to cellular telephones. This argument is without merit and must be denied.

Numerous courts have ruled on whether or not the "established business relationship" exclusion under 47 U.S.C. § 227(b)(1)(B) applies to auto-dialed telephone calls made to a cellular telephone and all have determined that it does not. See e.g.: Bentley v. Bank of America, N.A., et al, U.S. District Court (So. Dist. Fla., Case: 0:10-cv-60941, Dkt. 37, pg. 10)(determining that section 227(b)(1)(B) applies

to residential telephone lines, but not cellular telephones); <u>Stuart v. AR Resources, Inc.</u>, (Dist. Court, ED Pennsylvania 2011)(to the same effect); <u>Bates v. I.C. Systems, Inc.</u>, 2009 WL 3459740, (Dist Court, W.D.N.Y. 2009)(to the same effect).

AHMSI goes on to argue that the Federal Communications Commission, in its 2007 Declaratory Ruling, exempts debt collectors from the provisions of section 227(b)(1)(A)(iii). In support of that argument, AHMSI included the following quote from that Ruling in its Motion:

> "Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."

See <u>Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C.R. 559, ¶ 9 (F.C.C. 2007).

In quoting the above passage, however, AHMSI failed to include the next paragraph in the Declaratory Ruling, which states:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed. To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent.

See <u>Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C.R. 559, ¶ 10 (F.C.C. 2007).

As pleaded in his Complaint, Plaintiff has never given AHMSI consent to call his cellular telephone, and did not provide the cellular telephone number to AHMSI as part of any credit application or other transactional documentation. In it's Motion, AHMSI does not allege that Plaintiff provided the telephone number to it at during the transaction that resulted in the debt owed, or even that Plaintiff provided the telephone number to it at all. AHMSI merely states, "Plaintiff claims to have a business relationship with AHMSI in connection with a residential mortgage. As a result of this business relationship, Plaintiff gave his prior express consent to be called." (See <u>Defendant's Motion to Dismiss</u> at pg. 5). Such an unsubstantiated statement does not meet the burden of proof standard required by the Declaratory Ruling of the F.C.C.

Regardless of whether or not AHMSI will, at a later date, be able to substantiate its assertion that it was given consent to call Plaintiff's cellular telephone, the instant motion is a Motion to Dismiss, and in ruling on a motion to dismiss, this Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). Thus, this argument by AHMSI must also fail.

Finally, AHMSI argues that, because Plaintiff failed to plead which telephone calls were placed by AHMSI to Plaintiff subsequent to his 10/5/2010 cease & desist letter to AHMSI, Plaintiff's Complaint is deficient. The forgoing has already

established that Plaintiff never gave AHMSI express consent to call his cellular telephone number in the first place, so which telephone calls were place prior to the 10/5/2010 letter being sent and which calls were placed subsequent to the letter is irrelevant. As such, this argument by AHMSI is moot. Notwithstanding, Plaintiff intends to file a timely Amended Complaint and Jury Demand, pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure, which will correct this alleged deficiency and also make this argument by AHMSI moot.

## CONCLUSION

Defendant American Home Mortgage Servicing, Inc. is subject to the Telephone Consumer Protection Act, despite its claims to the contrary. While the Florida Telemarketing Act exempts AHMSI from needing a telemarketing license to make telephone sales calls, that is immaterial to the case at bar. That exemption does not provide AHMSI a blanket exemption from other state and federal consumer protection laws. Indeed, if AHMSI's argument were valid, it would mean that every other TCPA claim ever filed against a creditor in a state or federal court in Florida was without a cause of action. This argument by AHMSI is without merit and must fail.

Plaintiff never gave AHMSI consent to call him on his cellular telephone, express or otherwise. AHMSI has not asserted that Plaintiff ever gave it express consent, but rather that it was entitled to call Plaintiff merely because it had done business with Plaintiff in the past. The unambiguous language in 47 U.S.C. § 227(b)(1)(A)(iii), as well as relevant case law directly contradicts AHMSI's position, thus, this argument also must fail.

As AHMSI has never had consent to call Plaintiff's cellular telephone, its final argument regarding which auto-dialed calls were placed prior to the 10/5/2011 cease & desist letter and which calls were placed after is without merit and also must fail. Moreover, Plaintiff's timely filed Amended Complaint and Jury Demand cures any alleged deficiencies in the original Complaint, rendering this argument moot.

WHEREFORE, Plaintiff Richard H. Hartman respectfully requests that this Honorable Court deny Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss in its entirety.

Respectfully submitted September 7. 2011.

Richard H. Hartman, Plaintiff
12528 Shadow Ridge Blvd
Hudson, FL 34669
813-486-8287
rick@rickhartman.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that on September 7, 2011, I furnished a copy of the forgoing to Blank Rome LLP, attorneys for American Home Mortgage Servicing, Inc., via U.S. Mail, at 1200 North Federal Highway, Suite 312, Boca Raton, FL 33432

Richard H. Hartman