## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RICHARD H. HARTMAN II,

                 Plaintiff,                  CASE NO. 8:11-cv-02030-RAL-AEP

v.

AMERICAN HOME MORTGAGE
SERVICING, INC.,

                 Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

       Defendant, American Home Mortgage Servicing, Inc., ("AHMSI"), pursuant to Federal

Rule of Civil Procedure 12(b)(6), hereby seeks dismissal of Plaintiff's Amended Complaint for

failure to state a claim upon which relief can be granted, and in support thereof states:

### BACKGROUND AND SUMMARY OF ARGUMENT

       Unable to assert a viable claim against AHMSI, and ignoring the fact that he has failed to

comply with his loan obligations, Plaintiff attempts to shoe-horn what are otherwise legitimate

attempts by a servicer to enforce the terms of a valid mortgage, into an unsound and legally

insupportable claim under the Telephone Consumer Protection Act, ("TCPA").[1]

       While Plaintiff acknowledges that he and AHMSI "are involved in a dispute involving a

residential mortgage,"[2] he attempts to avoid confronting the merits of that dispute by alleging

_____

[1] *See* Pl.'s Amd. Comp., D.E. 4.

[2] *See id.* at ¶ 11.

1

that AHMSI violated section 227(b)(1)(A)(iii)[3] of the TCPA by calling his cellular telephone using an automated telephone dialing system.  According to Plaintiff, AHMSI has called his cellular telephone multiple times since October 4, 2010,[4] claiming that he never gave AHMSI consent to call his cellular phone.[5]

Plaintiff's claims lack any legal basis and the Amended Complaint should be dismissed with prejudice.  As Plaintiff concedes in his Response to AHMSI's Motion to Dismiss Complaint, Florida Statute section 501.059 regulates the use of automated telephone dialing systems.  Under this statute, automated telephone calls made (1) in connection with an existing mortgage, or (2) to a person where an existing business relationship exists, do not violate the statute.  The calls allegedly made by AHMSI to Plaintiff are specifically exempted by section 501.059.  A private cause of action exists under the TCPA, only to the extent it would be permitted by state law.  Florida law does not permit a private cause of action for automated calls in connection with an existing mortgage or where a business relationship exists between the parties.  Plaintiff's TCPA claim against AHMSI must therefore fail.

Further, pursuant to the Florida Telemarketing Act, ("FTA"), which provides similar consumer protections as the federal TCPA, financial institutions such as AHMSI are specifically excluded from claims involving unsolicited telephone calls.  Since a private cause of action is not

---

[3] 47 U.S.C. section 227(b)(1)(A)(iii) provides in pertinent part as follows: "It shall be unlawful for any person within the United States….to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system….to any telephone number assigned to a…cellular telephone service."

[4] *See* Pl.'s Amd. Comp. at ¶¶ 12-165.

[5] *See id*. at ¶¶ 15.

131093.01241/50402821v.1

permitted against financial institutions such as AHMSI under the FTA, or otherwise, Plaintiff's TCPA claim must fail.

Plaintiff's claims are also barred because of the existence of a prior business relationship between Plaintiff and AHMSI. Plaintiff alleges that he and AHMSI have a business relationship with respect to a residential mortgage. The Federal Communications Commission, ("FCC"), has exempted calls made where an established business relationship exists between the parties from the TCPA's statutory prohibition. As such, any calls allegedly made by AHMSI prior to Plaintiff's purported revocation of his express consent on October 5, 2010[6] cannot support a claim for violations of the TCPA.

## STANDARD FOR MOTION TO DISMISS

When ruling on a motion to dismiss, courts must consider the allegations in the complaint as true, and accept all reasonable inferences therefrom. *In re West Caribbean Airways Crew Members*, 2009 WL 899961 (S.D. Fla. 2009)(citing *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994)). "In practice, to adequately state a claim, 'plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.'" *Id.* (quoting *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir. 2004)). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*

The United States Supreme Court expanded upon the standard of review on a 12(b)(6) motion to dismiss in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Ashcroft*, the Court explained that while it "must accept as true all of the allegations in the complaint when ruling on a motion

---

[6] *See id*. at ¶ 16.

to dismiss, this principle does not apply to legal conclusions." *Id.* "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

The Court further explained that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949. Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not similar to a "probability requirement," but instead asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint pleads facts "merely consistent with" liability, then the allegations "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 1950.

In this case, taking all of the factual allegations in Plaintiff's Amended Complaint as true for purposes of this Motion, Plaintiff has not alleged a claim for relief that is plausible on its face. In other words, even if Plaintiff's allegations are accepted as true, Plaintiff's claims are legally insufficient and the Amended Complaint should be dismissed with prejudice.

## MEMORANDUM OF LAW

### I.      Florida Bars Plaintiff's TCPA Claim Against AHMSI.

The TCPA provides for a private cause of action "if otherwise permitted by the laws or rules of court of a State."  47 U.S.C. § 227 (b)(3).  As Plaintiff concedes in his Response to AHMSI's Motion to Dismiss Complaint, Florida Statute section 501.059 regulates the use of automated telephone dialing systems.[7]  However, Plaintiff conveniently ignores the fact that section 501.059(c) specifically exempts the following categories of calls:

> 2. **Primarily in connection with an existing debt or contract**, payment or performance of which has not been completed at the time of such call;
>
> 3. To any person with whom the telephone solicitor has a prior or existing business relationship;

(emphasis supplied).  Under this statute, automated telephone calls made (1) in connection with an existing debt or contract, for example a mortgage, or (2) to a person where an existing business relationship exists, such as in this case for the reasons further discussed below, do not violate the statute.  As such, under Florida law, Plaintiff cannot maintain a claim against AHMSI for alleged automated calls that were made in connection with an existing debt (mortgage) and/or to a person (Plaintiff) with whom AHMSI had a prior existing business relationship.

Additionally, Plaintiff's TCPA claim is barred by the Florida Telemarketing Act, ("FTA").  The FTA and TCPA provide "similar protections to consumers from unsolicited calls."  10A *Fla Jur Consumer and Borrower Protection* § 89.  Under section 501.604 of the FTA, any "supervised financial institution or parent, subsidiary, or affiliate thereof" is

---

[7] Section 501.059(7)(a) prohibits "mak[ing] or knowingly allow [ing] a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers."

5

specifically exempted from the Act.  A "supervised financial institution" under the FTA includes the following:

> commercial bank, trust company, savings and loan association, mutual savings bank, credit union, industrial loan company, consumer finance lender, commercial finance lender, or insurer, provided that the institution is subject to supervision by an official or agency of this state, of any state, or of the United States.

*Id.*

As a commercial bank, AHMSI falls within the definition of "supervised financial institution," and is exempted from the provisions of the FTA.  As Florida law prohibits any claim against financial institutions for unsolicited calls under the FTA, Plaintiff cannot, as a matter of law, state a claim for violations of the TCPA against AHMSI arising out of alleged unsolicited calls.   Consequently, Plaintiff cannot maintain a cause of action under the TCPA and his Amended Complaint must be dismissed with prejudice.

## II. The TCPA Does not Apply as Plaintiff Gave his Prior Express Consent as a Result of his Business Relationship with AHMSI.

Section 227(b)(1)(A) of the TCPA provides that is not unlawful to call an individual if that individual has given his prior express consent. ("It shall be unlawful…to make any call…other than a call made for emergency purposes or made with the prior express consent of the called party.").   The FCC exempts from the TCPA's statutory prohibition in 47 U.S.C. § 227(b)(1)(B)[8] "any call 'made to any person with whom the caller has an established business relationship at the time the call is made [.]' " *Meadows v. Franklin Collection Serv., Inc.,* 414 Fed.Appx. 230, 235 (11th Cir. 2011) (quoting 47 C.F.R. 64.1200(a)(2)(iv)); *see also Sardinas v.*

---

[8] 47 U.S.C. § 227(b)(1)(B) addresses calls to residential telephone lines, but contains that same "prior express consent" provision as section 227(b)(1)(A)(iii).

*Geithner,* 2010 WL 2696626, *3 (D. Nev. 2010) (dismissing TCPA claim based upon existence of established business relationship with the consumer).[9]   An existing business relationship includes a relationship involving collection of a debt.   *Id.*   In interpreting the "prior express consent" exception in the context of debt collection, the FCC has found such calls permissible:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

*In re: Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, ¶ 9 (F.C.C. 2007).

In the case at hand, Plaintiff claims to have a business relationship with AHMSI in connection with a residential mortgage loan.   As a result of this business relationship, Plaintiff gave his prior express consent to be called.   Plaintiff attempts to overcome this by alleging that he revoked any express consent he may have given by sending a letter to AHMSI on October 5, 2010.   To the extent Plaintiff's allegations must be accepted as true for purposes of this motion, any calls made prior to Plaintiff's purported revocation of his express consent cannot support a claim for violations of the TCPA.

---

[9] In his Response to AHMSI's Motion to Dismiss Complaint, Plaintiff cites *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367 (S.D. Fla. 2011), to support his contention that the "established business relationship" exclusion under section 227(b)(1)(B) is not applicable to section 227(b)(1)(A) at issue in this case.   Plaintiff's reliance on this case is misplaced because the defendant in *Bentley*, failed to cite any authority to support its position.   *Id*. at 1374.   In this case, AHMSI cites to an FCC declaratory ruling that clearly demonstrates the FCC's intent to apply the "established business relationship" exclusion to automated calls to cellular numbers.

131093.01241/50402821v.1

## CONCLUSION

The TCPA allows for a cause of action **only** to the extent it is permitted by state law. A cause of action for automated or unsolicited phone calls is not permitted in the State of Florida (1) where the calls are in connection with an existing mortgage, (2) where a business relationship exists between the parties, or (3) against financial institutions such as AHMSI.

**WHEREFORE**, Plaintiff, AMERICAN HOME MORTGAGE SERVICING, INC., respectfully requests the entry of an Order dismissing Plaintiff's Amended Complaint with prejudice, and for any other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was delivered by email on this 15th day of September, 2011, to: Richard H. Hartman, 12528 Shadow Ridge Blvd., Hudson, FL 34669, pro se Plaintiff, rick@rickhartman.com.

BLANK ROME, LLP
*Attorneys for Defendant*
1200 N. Federal Highway, Ste., 312
Boca Raton, FL  33432
Telephone: 561-417-8100
Facsimile: 561-417-8101


*/s/ Manuel S. Hiraldo*
JOSEPH F. POKLEMBA
Florida Bar No.: 059803
JPoklemba@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No.: 030380
MHiraldo@BlankRome.com

8