UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RICHARD H. HARTMAN II,

        Plaintiff,

v.                                     CASE NO:  8:11-cv-2030-T-26AEP

AMERICAN HOME MORTGAGE
SERVICING, INC.,

        Defendant.
_____/


**O R D E R**

      Before the Court is Defendant's Motion to Dismiss (Dkt. 12), and Plaintiffs' Response in Opposition. (Dkt. 13).  After careful consideration of the allegations of the Amended Complaint (Dkt. 22), and the applicable law, the Court concludes that the motion should be denied.

      All factual allegations of the operative complaint are considered true and all inferences from those facts will be construed in the light most favorable to the plaintiff. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion.  See Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). The complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The

factual allegations must be "enough to raise a right to relief above the speculative level." Id. at 545. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

Defendant seeks dismissal of this action on grounds that the Telephone Consumer Collection Practices Act of 1991, 46 U.S.C. § 227 ("the TCPA"), allows for a cause of action only to the extent it is permitted by state law and that Florida law does not permit a cause of action such as this one for automated or unsolicited phone calls where: (1) the calls are in connection with an existing mortgage, citing section 501.059(c)2, Florida Statutes; (2) a business relationship exists between the parties, citing section 501.059(c)3, Florida Statutes; or (3) the action is against a financial institution, citing section 501.605(7), Florida Statutes. Defendant does not dispute that it made numerous calls to Plaintiff's cellular telephone using an automated telephone dialing system.

The Court finds that Defendant's statutory citations, which pertain to telephone sales calls, do apply to the facts of this case. In addition, Plaintiff asserts that he never gave Defendant the express consent required under the TCPA to call his cellular telephone. On a motion to dismiss, the Court may not engage any resolving factual disputes. Thus, the amended complaint alleges the bare minimum to withstand a motion to dismiss at this early stage of the proceedings. In the Court's view, the allegations are

sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief against Defendant for violating the TCPA.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's motion to dismiss (Dkt. 12) is denied.  Defendant shall file its answer and defenses with ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on September 19, 2011.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
*Pro se* Plaintiff
Counsel of Record