UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD H. HARTMAN II,

        Plaintiff,        CASE NO. 8:11-cv-02030-RAL-AEP

v.

AMERICAN HOME MORTGAGE
SERVICING, INC.,

        Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES[1]

Defendant, AMERICAN HOME MORTGAGE SERVICING, INC., ("AHMSI"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), responds to Plaintiff's Reply to Defendant's Affirmative Defenses, and states as follows:

### INTRODUCTION

Plaintiff improperly seeks to strike AHMSI's affirmative defenses based on a legal standard fabricated by Plaintiff. Under the appropriate legal standard, AHMSI's affirmative defenses are not patently frivolous, nor are they clearly invalid as a matter of law. Rather, AHMSI asserts valid affirmative defenses supported by applicable case law. Plaintiff's reply is nothing more than a disguised motion for summary judgment. Plaintiff fails to establish that he is entitled to the drastic remedy sought and his request to strike AHMSI's affirmative defenses should be denied.

---

[1] Plaintiff obtained leave from this Court to file a reply to AHMSI's affirmative defenses. However, Plaintiff's reply seeks to strike AHMSI's affirmative defenses and AHMSI therefore responds accordingly.

1

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(f)(2), a party may seek to strike any "insufficient" defense. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *American Home Assur. Co. v. Weaver Aggregate Transport, Inc.*, 2011 WL 4346576, *3 (M.D. Fla. 2011)(quoting *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, *2 (S.D. Fla. 2010) (quoting *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002))). A party should not attempt to disguise a motion for summary judgment as a motion to strike a pleading. *See Peterson v. Metropolitan Property and Cas. Ins. Co.*, 2009 WL 3204187 (M.D. Fla. 2009) ("Finally, in the Court's view, the motion to strike is little more than a disguised motion for summary judgment.").

"Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Harvey v. Lake Buena Vista Resort, LLC* 568 F.Supp.2d 1354, 1359 (M.D. Fla. 2008)(quoting 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380* (2d ed.1990)).

> [I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.... Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.

*Id.*

131093.01241/50405016v.1

"An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey,* 568 F.Supp.2d at 1359 (quoting Wright & Miller FEDERAL PRACTICE AND PROCEDURE 3RD. § 1274 at 455-56). A challenge to the legal sufficiency of an affirmative defense is best determined on the merits in the context of a motion for summary judgment. *See Harvey*, 568 F.Supp.2d at 1359.

## **MEMORANDUM OF LAW**

In seeking to strike AHMSI's affirmative defenses, Plaintiff ignores the applicable legal standard and instead claims that AHMSI's defenses should be stricken because they are "based on misrepresentation of the law and on authorities that do not apply to the facts of the case at bar." Plaintiff's opinion regarding the case law on which AHMSI relies to support its affirmative defenses is immaterial and insufficient to strike AHMSI's defenses. As discussed above, a challenge to the legal sufficiency of a defense should be appropriately addressed as a motion for summary judgment. Plaintiff's request to strike AHMSI's defenses should therefore be denied.

**I.      As its First Affirmative Defense, AHMSI Sufficiently Asserts Plaintiff's Lack of Expectation of Privacy and Protection Under the TCPA.**

Plaintiff concedes that he has voluntarily and repeatedly posted the subject telephone number on the Internet. As alleged by Plaintiff, the "intent of the TCPA is to protect the privacy of consumers…" [D.E. 4 at ¶ 7]. Congressional intent in enacting the TCPA was "to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls…" S. Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1968; *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Bonime v. Avaya, Inc.*, 547 F.3d 497, 499 (2d Cir. 2008); *Science & Tech. Inst., Inc. v. Inacom*

3

*Commc'ns, Inc.*, 106 F.3d 1146, 1150 (4th Cir. 1997); *Missouri ex rel Nixon v. Progressive Bus. Publ'ns, Inc.*, 504 F. Supp. 2d 699 (W.D. Mo. 2007); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 975 F. Supp. 329, 330 (S.D.N.Y. 1997); Statement by President George H.W. Bush upon Signing S. 1462, 27 WEEKLY COMP. PRES. Doc. 1877 (Dec. 20, 1991), reprinted in 1991 U.S.C.C.A.N. 1979, 1979 (applauding the TCPA's protection of the privacy rights of telephone users).

The privacy interest protected by the TCPA is the interest in seclusion. *See, e.g.*, *Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1249 (10th Cir. 2006) ("Courts have consistently held the TCPA protects a species of privacy interest in the sense of seclusion."); *Melrose Hotel Co. v. St. Paul Fire & Marine Insurance Co.*, 432 F. Supp. 2d 488, 500-01 (E.D. Pa. 2006) ("It is clear that the TCPA aims in part to protect privacy. . . . Much the same way a telemarketing call invades one's right to be left alone, an unsolicited fax intrudes upon the right to be free from nuisance"); *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 365-366 (Ill. 2006).

It follows that if a plaintiff does not have a legitimate or reasonable expectation of privacy, such as Plaintiff in this case, he does not have a valid claim under the TCPA. *See Weitzner v. Access America, Inc.*, 5 Pa. D&C 5th 95, 26-29 (Pa. D&C 2008) (indicating that an individual who does not have a reasonable expectation of the privacy contemplated for protection under the TCPA is not a proper class representative in a TCPA class action because he is subject to unique and uncommon defenses); 7 F.C.C. Rcd. 8752, 8769 (F.C.C. 1992) ("If a call is otherwise subject to the prohibitions of [the TCPA] persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given...").

Contrary to Plaintiff's contention, courts have examined the existence of reasonable expectations of privacy in a multitude of applicable situations. *See e.g. United States v. Gabel*, 2010 U.S. Dist. LEXIS 107131, *21 (S.D. Fla. 2010) (finding that a plaintiff had no reasonable expectation of privacy in files stored online, accessible to all); *United States v. Haffner*, 2010 U.S. Dist. LEXIS 134460, *15-16 (M.D. Fla. 2010) ("Once Mr. Didio received the messages via the Google Hello application from Defendant, Defendant lost his reasonable expectation of privacy in the messages."); *United States v. Medina*, 2009 U.S. Dist. LEXIS 104158, *31-32 (S.D. Fla. 2009) (a person has no legitimate expectation of privacy in information voluntarily given to third parties even if the information is revealed on the assumption that it will be used only for a limited purpose and that the third party will not betray the person's confidence); *Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136, 1144-1145, 1146-47 (S.D. Cal. 2005) (noting that there is no privacy for a matter already in the public domain and that the plaintiffs could not expect pictures posted on a website would remain private); *Moreno v Hanford Sentinel Inc.*, 91 Cal. Rptr. 3d 858 (Cal. Ct. App. 5 Dist 2009) (no person would have reasonable expectation of privacy where person took affirmative act of posting own writing on MySpace, making it available to anyone with a computer and opening it up to public eye).

The fact that these cases did not deal directly with the TCPA do not render them inapplicable as Plaintiff claims. This body of law stands for the well established rule that a plaintiff has no expectation of privacy in materials voluntarily posted on the Internet. The intent of the TCPA is undisputed by Plaintiff. The TCPA was passed to protect consumer privacy rights. Plaintiff cannot maintain a claim under the TCPA when he has no expectation of privacy. This is a valid and sufficient defense that is not subject to being stricken.

### II. As its Second Affirmative Defense, AHMSI Sufficiently Asserts the Established Business Relationship Exception.

As grounds for striking AHMSI's second affirmative defense, Plaintiff once against sets forth arguments that should be addressed on a motion for summary judgment.  Specifically, Plaintiff contends that the TCPA's established business exception is not applicable to calls made to a cellular telephone.  At least one court has found that a creditor's use of an autodialer to call the plaintiff-debtor's cell phone was not prohibited by the TCPA.  *See Bridge v. Ocwen Fed. Bank*, 669 F. Supp. 2d 853, 856-59 (N.D. Ohio 2009).  At a minimum, AHMSI should be permitted to assert the defense at this stage of the litigation as it is clearly sufficient.

### III. As its Third Affirmative Defense, AHMSI Sufficiently Asserts Plaintiff's Express Consent.

Plaintiff does not claim that AHMSI's third affirmative defense is frivolous or invalid as a matter of law.  Instead, Plaintiff relies on factual arguments that he revoked any prior express consent.  Again this is an argument to be made on a motion for summary judgment.  Numerous courts have similarly held that an individual consents to being contacted on his cellular telephone when he provides the number to his creditor.  *See, e.g., Gutierrez v. Barclays Group*, CASE NO. 10cv1012 DMS (BGS), 2011 U.S. Dist. LEXIS 12546, 6 (S.D. Cal. Feb. 9, 2011) (provision of cell phone numbers in an online account application provided prior express consent to contact); *Cunningham v. Credit Mgmt., L.P.*, Civil Action No. 3:09-cv-1497-G (BF), 2010 U.S. Dist. LEXIS 102802, at *12-13 (N.D. Tex. Aug. 30, 2010) (finding that a plaintiff who had provided his cell phone number in connection with his Time Warner account had consented to receiving automated and prerecorded calls in relation to any debt he may incur with Time Warner).  At this

stage in the litigation, AHMSI has sufficiently asserted Plaintiff's prior express consent as a defense.

### IV. As its Eighth Affirmative Defense, AHMSI Sufficiently Asserts its Calls are not Encompassed by the TCPA.

In passing the TCPA, Congress specifically found that "*unrestricted telemarketing* can be an intrusive invasion of privacy" and that "many consumers [we]re outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." 47 U.S.C. § 227, Congressional Statement of Findings Nos. 5 and 6 (emphasis added); *see also* H.R. REP. No. 102-317, at 5 (1992) ("unsolicited commercial telemarketing calls are a widespread problem and a federal regulatory solution is needed to protect residential telephone subscriber privacy rights."). Thus, in enacting the TCPA, Congress sought to balance individual rights to seclusion with commercial freedoms of speech and trade "in a way that protects the privacy of individuals and permits legitimate telemarketing practices." S. 1410, 102d Cong. (1991). Plaintiff in this case has alleged that AHMSI contacted him in connection with the enforcement of his mortgage. AHMSI's calls were not unrestricted telemarketing calls as subject to the TCPA. AHMSI has asserted a sufficient defense that is not subject to being stricken.

### CONCLUSION

Plaintiff's request to strike AHMSI's affirmative defenses should be denied. Plaintiff relies on a fabricated legal standard and arguments that should be asserted in a motion for summary judgment. AHMSI's defenses are sufficient as demonstrated by the fact that AHMSI cites to case law to support all of its defenses. AHMSI should be permitted to assert these valid defenses.

**WHEREFORE**, Defendant, AMERICAN HOME MORTGAGE SERVICING, INC., respectfully requests that this Court deny Plaintiff's request to strike AHMSI's affirmative defenses, and for such other relief as this Court deems just and appropriate under the circumstances.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 17th day of October, 2011, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on Plaintiff, Richard H. Hartman, 12528 Shadow Ridge Blvd., Hudson, FL 34669, rick68fl@yahoo.com.

BLANK ROME, LLP

*Attorneys for Defendant*
1200 N. Federal Highway, Ste., 312
Boca Raton, FL  33432
Telephone: 561-417-8100
Facsimile: 561-417-8101


*s/ Manuel S. Hiraldo*
JOSEPH F. POKLEMBA
Florida Bar No.: 059803
JPoklemba@BlankRome.com
MANUEL S. HIRALDO
Florida Bar No.: 030380
MHiraldo@BlankRome.com

131093.01241/50405016v.1