# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Richard H. Hartman II
                Plaintiff

                                   Case No. 8:11-cv-2030-T26AEP

vs.

American Home Mortgage Servicing, Inc.
                Defendant
_____/

## MOTION TO COMPEL DISCOVERY

Plaintiff Richard H. Hartman, II, pursuant to Rule 37(a) Fed.R.Civ.P., respectfully moves this Honorable Court for an Order compelling Defendant to comply with Plaintiff's discovery requests, and states:

**I.**    **Plaintiff's [First] Request for Production**

1.    On September 23, 2011, Plaintiff served Defendant with Plaintiff's [First] Request for Production. No. 3. on that request was as follows:

> "[Provide] A true, correct and unedited audio recording of each telephone call placed to Plaintiff from American Home Mortgage Servicing, Inc. between the dates of October 1, 2010 and the date this request is responded to. If any such recording is unavailable, provide a specific reason for such unavailability."

See Plaintiff's Request for Production, attached hereto as Plaintiff's Exhibit "A."

2.    On October 21, 2011, Defendant responded to Plaintiff's Request for Production, however, rather than providing the audio recordings requested in No. 3, Defendant simply replied:

> "Audio recordings have been requested and will be produced if and when they become available"

See Defendant's Response to Plaintiff's Request for Production, attached hereto as Plaintiff's Exhibit "B."

3.   Plaintiff submits that the audio recordings requested are simply digital files on one of Plaintiff's servers, and are easily obtainable. Even if Defendant's internal policies and procedures required some sort of a request to be made for those digital files, as stated in Defendant's response, there is still no legitimate reason why it would take over twelve weeks from the date of Plaintiff's request, for Defendant to provide those audio recordings to Plaintiff.

4.   In a good faith effort to resolve this issue without involving the Court, on December 7, 2011, eleven days prior to the filing of the instant Motion, Plaintiff conferred with Defendant's counsel regarding the issue of the audio recordings. Counsel's response at that time was, "[I] have followed-up with my client on whether any recordings exist. I hope to have a response shortly…" (See December 7, 2011 email attached as Exhibit "C"). After waiting an additional eleven days on top of the ten weeks he had already waited, Plaintiff believes that Defendant does not intend to provide him with the audio recordings he has requested without intervention from the Court.

5.   Accordingly, Plaintiff respectfully submits that he is entitled to an Order from this Court compelling Defendant to provide the audio recordings requested in Plaintiff's [First] Request for Production.

**II.   Plaintiff's Second Request for Production**

6.   On September 29, 2011, Plaintiff served Defendant with Plaintiff's Second Request for Production. No. 4. On that request was as follows:

> "[Provide] A complete copy of each and every telephone bill American Home Mortgage Servicing, Inc. has received from its telephone service provider(s) for each of its outbound telephone call centers located in Florida, California, Texas and the country of India for the months of October, 2010, November, 2010, December, 2010, January, 2011, February, 2011, March, 2011, April, 2011, May, 2011, June, 2011, July, 2011, and August, 2011."

See Plaintiff's Second Request for Production, attached hereto as Plaintiff's Exhibit "D."

7. On October 25, 2011, Defendant responded to Plaintiff's Second Request for Production, however, rather than providing the requested telephone bills, Defendant responded as follows:

> "AHMSI objects to this request on the grounds that it is not likely to lead to the discovery of admissible evidence. At issue in this case are the calls made by AHMSI to the Plaintiff's cellular telephone. AHMSI has previously provided a log of all calls made to the Plaintiff's cellular telephone. The above requested information is in no way relevant to the calls that were placed by AHMSI to the Plaintiff, nor any other relevant issue or fact in this case."

See Defendant's Response to Plaintiff's Second Request for Production, attached hereto as Plaintiff's Exhibit "E."

8. While it is true that Defendant has provided what it purports to be a telephone call log to Plaintiff in response to a different discovery request, there is a discrepancy between the number of telephone calls made to Plaintiff that are contained in Defendant's call log, when compared to certified telephone records obtained from Plaintiff's cellular telephone provider, obtained under subpoena issued by the Clerk of this Court.

9. Specifically, numerous telephone calls from Defendant to Plaintiff are listed on the certified telephone records provided to Plaintiff by Verizon Wireless, which do not appear on the telephone call log provided to Plaintiff by Defendant, and Defendant denies making any calls not on its call log.

10.     Accordingly, there remains a discrepancy between the number of telephone calls Plaintiff's evidence shows and the number of calls Defendant admits to making.

11.     The telephone call log provided by Defendant is simply a hearsay document listing the times and dates Defendant says it made calls to Plaintiff, which was created by Defendant solely for the purpose of this lawsuit.  The call log is **not** a document that was created and/or used in the ordinary course of business by Defendant.  <u>Essentially, some unknown individual created a Microsoft Excel spreadsheet on which he or she listed the times and dates of telephone calls Defendant is willing to admit to making, and is demanding Plaintiff and this Court simply take his or her word that those were the only telephone calls Defendant made to Plaintiff.</u>  (See 'Telephone Call Log' Defendant provided to Plaintiff, attached hereto as Exhibit "F").

12.     Accordingly, Plaintiff requires Defendant's telephone records in order to reconcile the true number of telephone calls made to Plaintiff by Defendant.

13.     Contrary to Defendant's objection, Defendant's itemized telephone bills, which show what telephone numbers Defendant called and on which dates and times the calls were made, are directly relevant to this case, particularly as Defendant denies calling Plaintiff on specific dates.

14.     Such a request is permissible under Rule 26(b)(1) Fed.R.Civ.P. as it is reasonable calculated to the discovery of admissible evidence.

WHEREFORE, Plaintiff Richard H. Hartman, II respectfully moves this Honorable Court for an Order compelling Defendant American Home Mortgage Servicing, Inc. to

produce the audio recordings and itemized telephone bills specified in the forgoing Motion, and for any further relief that the Court deems just under the circumstances.

I HEREBY CERTIFY that on December 7, 2011, pursuant to Rule 37(a)(1), Fed. R. Civ. P., I conferred with Counsel for Defendant in a good faith effort to obtain the requested documents and things, prior to filing this Motion with the Court, however I was unsuccessful as shown in the forgoing Motion and its attachments.

Respectfully submitted on December 18, 2011.

    *s/ Richard H. Hartman, II*
Richard H. Hartman, II, Plaintiff
12528 Shadow Ridge Blvd
Hudson, FL 34669
813-486-8287
rick@rickhartman.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I hereby certify that on December 18, 2011, a copy of the forgoing was furnished to Blank Rome LLP, attorneys for American Home Mortgage Servicing, Inc., via this Court's CM/ECF System.

    *s/ Richard H. Hartman, II*
Richard H. Hartman, II